**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**RORY WATERMAN, ET AL.,**

                    **Plaintiffs,**               **23-cv-4903 (JGK)**

          **- against -**                         <u>**MEMORANDUM OPINION**</u>
                                                  <u>**AND ORDER**</u>
**KATHELEEN E. NOLAN, ET AL.,**

                    **Defendants.**

---

**JOHN G. KOELTL, District Judge:**

The <u>pro se</u> plaintiffs, Rory Waterman and Marniqua Tompkins,
brought this action against two defendants, Katheleen E. Nolan and
Fourth Lenox Terrace Associates LLC ("Fourth Lenox"), alleging
violations of their constitutional rights in connection with an
eviction proceeding initiated against them. The plaintiffs seek
relief for these alleged constitutional violations pursuant to
42 U.S.C. § 1983, and they assert related state-law claims for
abuse of process and identity theft.

The allegations in the plaintiffs' <u>pro se</u> complaint, which
the Court accepts as true and "construe[s] . . . liberally" for
the purposes of this Opinion, <u>Harris v. Mills</u>, 572 F.3d 66, 71-
72 (2d Cir. 2009), indicate that the plaintiffs reside together
in a New York City apartment. Fourth Lenox, a "business entit[y]"
"registered" with the "Secretary of State of New York," is the
landlord. <u>See</u> Compl., ECF No. 1, ¶¶ 2, 55. The plaintiffs allege

that Fourth Lenox receives federal housing funds, and that it is

therefore subject to federal housing regulations. Id. ¶¶ 36-38.[1]

The plaintiffs allege that on January 6, 2023, Katheleen E.

Nolan, a "licensed attorney who practices law in . . . New York,"

initiated a "special" "dispossessory proceeding[]" against the

plaintiffs in the Civil Court of the City of New York, New York

County, Housing Part. Id. ¶¶ 20, 26; see also id. ¶ 71 (listing

a case index number in the format used for housing court). Nolan

initiated this proceeding on behalf of Fourth Lenox. See id. ¶ 20.

Later, on March 29, 2023, Nolan sent the plaintiffs additional

"signed correspondence," which stated that "[u]nless you remove

from [the] premises on May 31, 2023, the date on which your term

expires, your Landlord will commence summary proceedings to remove

you therefrom for holding over after the expiration of your term."

Id. ¶ 47. The plaintiffs assert that these efforts to remove them

from the property are improper because, among other reasons, they

are not "tenants" within the meaning of applicable law, and they

have not received an allegedly required "due process hearing."

Id. ¶¶ 23-24, 31, 40-45.

The plaintiffs, relying on 42 U.S.C. § 1983, seek damages

and injunctive relief on the grounds that the "conduct of both

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, omissions, emphasis, quotation marks, and citations in
quoted text.

[d]efendants" in connection with this "dispossessory proceeding" deprived the plaintiffs of their due process rights. Id. ¶¶ 61-62. The plaintiffs also assert a state-law claim for abuse of process based on the housing court proceeding, id. ¶¶ 63-69, as well as a state-law claim for identity theft, which appears to be based on Nolan's use of the plaintiffs' names and address in housing court filings, see id. ¶¶ 20, 71.[2]

Section 1983 provides, in relevant part, that any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State," deprives an individual of "any rights, privileges or immunities secured by the Constitution" or federal law "shall be liable to the party injured." 42 U.S.C. § 1983. Because "[t]he core purpose of § 1983 is to provide compensatory relief to those deprived of their federal rights by state actors," a defendant may be held liable under the statute only where the "actions alleged by the plaintiffs come within the definition of 'under color of' state law." Kia P. v. McIntyre, 235 F.3d 749, 755 (2d Cir. 2000). This "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter

---

[2] The plaintiffs also appear to assert that the defendants used their personal information to open a financial "account" in the plaintiffs' name without consent. See Compl. ¶ 71. However, the alleged "account [] number" referenced in the complaint is actually the case index number for the housing court proceeding. Id.

how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v.

Sullivan, 526 U.S. 40, 50 (1999).

A private entity or individual "may be considered a state

actor" for purposes of a § 1983 claim only "if [that private

defendant's] conduct is fairly attributable to the state." Leeds

v. Meltz, 85 F.3d 51, 54 (2d Cir. 1996). Thus, a § 1983 claim

"may be proved by showing that a person acting under color of

state law collaborated or conspired with a private person to

deprive the plaintiff of a constitutional right." Singer v.

Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995). Private

conduct may also be considered state action where "[t]he State

has so far insinuated itself into a position of interdependence

with [the private party] that it must be recognized as a joint

participant in the challenged activity." Burton v. Wilmington

Parking Auth., 365 U.S. 715, 725 (1961). "[T]he inquiry must be

whether there is a sufficiently close nexus between the State

and the challenged action . . . so that the action . . . may be

fairly treated as that of the State itself." Jackson v. Metro.

Edison Co., 419 U.S. 345, 351 (1974).

Although it appears that the plaintiffs in this case seek

to challenge a state eviction proceeding, their complaint makes

clear that both defendants are private actors: Fourth Lenox is a

private landlord, and Nolan is a private attorney. Moreover, the

complaint lacks allegations sufficient to support an inference

4

that the alleged misconduct of these private actors is "fairly

attributable to the state." Leeds, 85 F.3d at 54. The complaint

contains no allegations that either private defendant "collaborated

or conspired" with a state actor to deprive the plaintiffs of

their constitutional rights. Singer, 63 F.3d at 119.

Furthermore, the plaintiffs have not plausibly alleged a

sufficiently close nexus between the private defendants' alleged

misconduct and the state. The only allegations suggesting a link

between the defendants and a government actor are that (1) Fourth

Lenox is registered to do business in New York state, (2) Nolan

has a state-issued license to practice law, and (3) Fourth Lenox

receives federal financial assistance and is therefore subject

to federal housing policies and regulations. But a state-issued

license or state business registration is not an adequate basis

for finding that a private defendant engaged in conduct as a state

actor. See, e.g., Hopkins v. Comptroller, No. 22-cv-4505, 2022 WL

2954350, at *3 (S.D.N.Y. July 26, 2022) ("It is well settled that

private attorneys do not act under color of state law and are not

state actors simply by virtue of their state-issued licenses to

practice law."); cf. Schlein v. Milford Hosp., Inc., 561 F.2d

427, 428-29 (2d Cir. 1977) (the fact that a private hospital was

"state-licensed" and subject to state regulation did not "per se

make the acts of the hospital . . . the acts of the state").

Likewise, "[g]overnment funding and associated regulation of a

private entity," without more, "is insufficient to transform otherwise private conduct into state action." Neal v. Martinez, No. 01-cv-11587, 2003 WL 260524, at *2 (S.D.N.Y. Feb. 5, 2003) (allegations that private defendants were "recipients of Federal financial assistance" and subject to federal housing regulations "fail[ed] even to approach the close nexus required"); see also Hylton v. RY Mgmt., No. 05-cv-6710, 2006 WL 2088196, at *4 (S.D.N.Y. July 25, 2006) (similar). In short, the plaintiffs' allegations are insufficient to establish state action under § 1983. Because the plaintiffs have sued only private parties and have not alleged state action adequately, their § 1983 claim must be **dismissed**.

The dismissal of the plaintiffs' federal cause of action under § 1983 eliminates the only claim over which this Court has original jurisdiction. It is therefore appropriate, at this early stage, to decline to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); see Gonzalez v. Micelli Chocolate Mold Co., 514 F. App'x 11, 12 (2d Cir. 2013) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (quoting Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998)). Thus, the state-law claims for abuse of process and identity theft are **dismissed** for lack of jurisdiction.

Federal Rule of Civil Procedure 15(a)(2) instructs that district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). With respect to pro se complaints in particular, the Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Thus, the claims in this case are **dismissed without prejudice**. The plaintiffs may file an amended complaint within **30 days** of the date of this decision. To survive dismissal, any such amended complaint would need to contain specific, concrete, plausible allegations, beyond what has already been alleged, showing that there is a basis for federal jurisdiction in this case.

Finally, while this Court cannot adjudicate the plaintiffs' claims at this juncture, the complaint conveys urgency with respect to the potential eviction at issue. The plaintiffs are reminded that the quickest form of relief may be available in state court and that legal representation may be available for them in state court proceedings. The plaintiffs are also advised that they may promptly contact the New York Legal Assistance Group ("NYLAG"), which operates a free legal clinic staffed by

attorneys and paralegals to assist pro se litigants. The clinic is not a part of, or run by, this Court; it is run entirely by NYLAG, which is a private organization. The clinic's address, phone number, and other relevant information are included in the flyer attached to this Memorandum Opinion and Order.

## CONCLUSION

For the reasons set forth above, the plaintiffs' complaint in this action is **dismissed without prejudice**. The plaintiffs may file an amended complaint within **30 days** of the date of this decision.

The Clerk is respectfully directed to mail a copy of this Memorandum Opinion and Order, along with the attached flyer, to the pro se plaintiffs and to note such mailing on the docket.

**SO ORDERED.**

Dated:    **New York, New York**
          **June 22, 2023**

**John G. Koeltl**
**United States District Judge**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
New York Legal Assistance Group

# Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 |
https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&



a beneficiary of
UJA Federation
of New York